UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WARREN L. REUTHER, JR., ET                    CIVIL ACTION
AL.

VERSUS                                        NO: 06-6612 c/w
                                              06-6619, 06-6620,
                                              06-6622, 06-6640

JAMES E. SMITH, JR., ET AL.                   SECTION: "R"(3)

<u>**ORDER AND REASONS**</u>

Before the Court is the motion of Louis Phillips, Chapter 11
Trustee for the bankruptcy estate of New Orleans Paddlewheels,
Inc., to stay this consolidated litigation pending the resolution
of bankruptcy proceedings filed by Paddlewheels.  For the
following reasons, the Court GRANTS in part and DENIES in part
the Trustee's motion to stay these proceedings, with the
exception of Civ. Action No. 06-6640, which the Court remands to
state court.


**I.   FACTUAL AND PROCEDURAL BACKGROUND**

This matter arises out of a family dispute between plaintiff
Warren Reuther and his nephew, defendant James Smith, Jr., over
control of a number of closely-held corporations and limited

liability companies (together, the "Hospitality Enterprises").[1]
It has come before this Court on a previous occasion, at which
time the Court summarized the facts in great detail.  *See Reuther
v. Smith*, 2003 WL 1955167 (E.D. La. Apr. 22, 2003).  For purposes
of this motion, the relevant facts are as follows.

On September 27, 2006, one of the Hospitality Enterprises,
New Orleans Tours, removed six nominally related proceedings from
state court on the basis of bankruptcy jurisdiction, as New
Orleans Tours had filed for Chapter 11 bankruptcy on March 3,
2006 in the United States Bankruptcy Court for the Eastern
District of Louisiana.  Although removal of these six proceedings
was predicated on the New Orleans Tours bankruptcy, the Court

---

[1] The Corporations named as nominal defendants in these
lawsuits at the time they were filed in state court, with the
exception of Civ. Action No. 06-6640, are: Airport Holdings,
Inc., Airport Shuttle, Inc., Airport Shuttle Colorado, Inc.,
Chicory Building, Inc., Delta Transit, Inc., Destination
Management, Inc., Hospitality Enterprises, Inc., Lodging, Inc.,
New Orleans International Cruise Ship Terminal, Inc., New Orleans
Paddlewheels, Inc., New Orleans Tours, Inc., On the Town, Inc.,
RSC Management, Inc., and Visitor Marketing, Inc. (hereinafter
collectively referred to as the "Corporations").

The named Limited Liability Companies are: Airport Shuttle
of Louisiana, L.L.C., French Quarter Hotel, L.L.C., Garden
District Hotel on St. Charles Avenue, L.L.C., Great American
Coach Company, L.L.C., HE Real Estate, L.L.C., Hoerner Property,
L.L.C., Magazine Street Property, L.L.C., Natchez Picayune Place,
L.L.C., Queen & Crescent Hotel, L.L.C., Queen Holding, L.L.C.,
Reuther & Smith Enterprises, L.L.C., Royal St. Charles Hotel,
L.L.C., and Shreveport Paddlewheels, L.L.C.

notes that another entity, New Orleans Paddlewheels, Inc., had also filed a voluntary petition under Chapter 11 of the Bankruptcy Code at the time of removal.

The six related proceedings, which have been consolidated in this Section, involve various issues pertaining to the intra-family power struggle over control of the Hospitality Companies. They are: an action brought against Smith, Jr. and Smith, Jr.'s law firm, on Reuther's behalf and derivatively on behalf of the shareholders of the Corporations, seeking injunctive relief and damages through state-law claims sounding in fraud, unfair trade practices, breach of fiduciary duties, legal malpractice, and malfeasance as a result of Reuther's alleged wrongful termination as CEO of the Hospitality Enterprises (Civ. Action No. 06-6612); an action brought against Reuther by Smith, Jr., on behalf of himself and the Corporations, seeking to restrain Reuther from taking actions allegedly in violation of non-competition agreements with the Corporations (Civ. Action No. 06-6619); an action brought against Reuther by Smith, Jr., on behalf of himself and the Corporations, seeking to restrain Reuther from using the corporate stationary and the title of CEO of the Corporations, and from acting as an agent of the Corporations in any way (Civ. Action No. 06-6620); an action brought against Reuther by Smith, Jr., Smith, Sr., and the Corporations seeking

an order returning Reuther's 50 percent ownership of the Corporations and for damages, based on violations of sale of stock and non-competition agreements (Civ. Action No. 06-6622); an action brought by Reuther requesting dissolution of some of the Corporations based on the deadlock of corporate management (Civ. Action No. 06-6624);[2] and an action brought against Smith, Jr. and Smith, Sr. by Reuther seeking injunctive relief as to shares of stock in one of the Corporations, Lodging, Inc. (Civ. Action No. 06-6640). After these cases were removed to federal court and consolidated in this Section, Reuther filed a motion asking this Court to dissolve an injunction issued by the Civil District Court for the Parish of Orleans on July 31, 2004 to the extent that it prohibits him from entering corporate properties in which he has an ownership interest. (R. Doc. 38).

On April 3, 2007, the Trustee moved to substitute himself as the party in interest in place of Paddlewheels. (R. Doc. 41). The Trustee then filed this motion to stay these actions under either Section 362 or Section 105 of the Bankruptcy Code on the grounds that allowing the consolidated cases to proceed will impair the Paddlewheels's ability to successfully reorganize by requiring participation of the Trustee and distracting its

---

[2] Reuther has since filed a notice of dismissal as to Civ. Action No. 06-6624. (*See* R. Doc. 9).

officers.  (R. Doc. 42).  The Trustee also argues that these proceedings may infringe upon the rights and/or property of Paddlewheels.  (*Id.*).  In response, on May 1, 2007, Reuther amended his complaint in the wrongful termination suit (Civ. Action No. 06-6612) to remove any reference to Tours and Paddlewheels as nominal defendants in that matter.  (R. Doc. 96).[3]  Reuther has also filed a stipulation in which he avers that "he does not seek to assert any rights or claims belonging to New Orleans Paddlewheels, L.L.C." and that he "will not seek

---

[3] Reuther's amended complaint, filed on May 1, 2007, states:

> Intentionally omitted from this amended pleading is New Orleans Paddlewheels, Inc. (hereafter "NOP"). NOP filed for Chapter 11 reorganization under the United States Bankruptcy laws on or about May 3, 2006.  A stay was imposed on all claims by or against NOP pursuant to 11 U.S.C. § 362.  As a result, the claims NOP may have against its directors - and arguably the derivative claims in which NOP is a nominal Defendant - are subject to the stay and are within the jurisdiction of the Bankruptcy Court.

> Also omitted from this amendment is New Orleans Tours, Inc. (hereafter "NOT").  NOT filed for Chapter 11 reorganization under the United States Bankruptcy laws on or about March 3, 2006.  A stay was imposed on all claims by or against NOT pursuant to 11 U.S.C. § 362.  As a result, the claims NOT may have against its directors - and arguably the derivative claims in which NOP is a nominal Defendant - are subject to the stay and are within the jurisdiction of the Bankruptcy Court.

(R. Doc. 96, ¶ VII(a)&(b)).

5

to use the preclusive effect of any rulings made by this Court
during the pendency of the automatic stay by or against New
Orleans Paddlewheels, L.L.C.." (R. Doc. 61). In the meantime,
the Court notes that Tours confirmed a Chapter 11 reorganization
plan in early June 2007. (Bankr. Action No. 06-10136, R. Doc.
597).

## II.  ANALYSIS

### A.  Jurisdiction

Although no party to this matter has challenged the Court's
jurisdiction, the Court must nevertheless first decide whether
jurisdiction exists for purposes of removal before it addresses
the Trustee's motion to stay. The bankruptcy jurisdiction of
district courts and bankruptcy courts is conferred by 28 U.S.C. §
1334. Section 1334(a) provides for exclusive jurisdiction "of
all cases under title 11." 28 U.S.C. § 1334(a). Under Section
1334(b), the district courts have original, but not exclusive,
jurisdiction "of all proceedings arising under title 11, or
arising in or related to cases under title 11." 28 U.S.C. §
1334(b). Bankruptcy jurisdiction thus extends to four classes of
cases: cases under title 11; proceedings arising under title 11;
proceedings arising in title 11 cases; and proceedings related to
cases under title 11. *See In re Wood,* 825 F.2d 90, 92 (5th Cir.

1987).  The Fifth Circuit has explained that in determining whether jurisdiction exists, it is necessary to determine only whether a matter is at least "related to" the bankruptcy:

> For the purpose of determining whether a particular matter falls within bankruptcy jurisdiction, it is not necessary to distinguish between proceedings "arising under", "arising in a case under", or "related to a case under", title 11. These references operate conjunctively to define the scope of jurisdiction.  Therefore, it is necessary only to determine whether a matter is at least "related to" the bankruptcy.  The Act does not define "related" matters. Courts have articulated various definitions of "related", but the definition of the Court of Appeals for the Third Circuit appears to have the most support: "whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy."

*Id.* at 93.

The Court finds that it does not have jurisdiction over Reuther's suit against directors of Lodging, Inc. (Civ. Action No. 06-6640).  It is the only case in which no debtor is a party to the proceedings.  The causes of action pertain solely to the ownership and/or operations of one nondebtor corporation – *i.e.*, Lodging.  They do not involve allegations as to any other corporation.  The parties do not, and cannot, argue that this case is in any way related to the administration of the Paddlewheels bankruptcy estate.  The Court thus does not have jurisdiction over the purely state law claims asserted in the Reuther Lodging suit.  This case is hereby remanded to the Civil District Court for the Parish of Orleans.

7

**B.   Motion to Stay**

The Trustee requests a stay of these matters pending the outcome of Paddlewheels's bankruptcy proceedings under either the automatic stay provided in Bankruptcy Code section 362 or under Bankruptcy Code section 105.  *See* 11 U.S.C. §§ 105(a), 362(a). The Court addresses each section in turn.

    1.   *Section 362*

Section 362(a)(1) provides for an automatic stay of any judicial "proceeding against the debtor."  11 U.S.C. § 362(a)(1). Section 362(a)(3) provides that the filing of a petition for bankruptcy "operates as a[n] [automatic stay], applicable to all entities, of . . . any act to obtain possession of property of the estate or of property from the estate."  11 U.S.C. § 362(a)(3).  The Trustee contends that these provisions operate automatically to stay these matters, as they involve either judicial actions that are directed against Paddlewheels or that seek to exert possession or control over Paddlewheels's property.

The only case to which a stay under Section 362(a)(1) could apply is the Reuther wrongful termination suit (Civ. Action No. 06-6612), as that is the only case brought *against* the debtors. However, as discussed earlier, after the Trustee filed this motion to stay, Reuther amended his complaint in the wrongful termination suit to remove any claim against or reference to

8

Paddlewheels and Tours.  (R. Doc. 96).  Reuther also filed a stipulation disavowing the use of "the preclusive effect of any rulings made by this Court" as to Paddlewheels.  (R. Doc. 61). Thus, as the Reuther wrongful termination suit is no longer brought against the debtors, a stay under Section 362(a)(1) is not required.

Section 362(a)(3) implements a stay of actions in which debtors and third parties seek to obtain or exercise control over the property of the debtor.  "Property of the estate" includes all legal or equitable interests of the debtor in property as of the commencement of the case.  *See* 11 U.S.C. § 541(a).  "Section 541 is read broadly and is interpreted to 'include all kinds of property, including tangible or intangible property, causes of action and all other forms of property currently specified in section 70a of the Bankruptcy Act.'"  *In re Equinox Oil Co., Inc.*, 300 F.3d 614, 618 (5th Cir. 2002) (quoting *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 204-05 & n.9 (1983)).  The Court finds that the Paddlewheels claims in the Smith suits (Civ. Action Nos. 06-6619, 06-6620, and 06-6622) are subject to the automatic stay under Section 362(a)(3).  Those suits undoubtedly involve causes of action brought by or on behalf of Paddlewheels, which constitute property of the estate under the broad definition of that term as recognized by the Supreme Court.  On

9

the other hand, the nondebtor claims in both the Reuther wrongful termination suit and the Smith suits do not seek to exercise control over property of the bankrupt entity.  Section 362(a)(3) therefore mandates an automatic stay in this instance, but only as to the claims asserted on behalf of Paddlewheels.

      *2.   Section 105*

A bankruptcy court has broader authority under Section 105 of the Bankruptcy Code to grant a stay than it does under the automatic stay provisions of Section 362, and may use its equitable powers to ensure the orderly resolution of reorganization proceedings.  *See In re Baldwin-United Corp. Litigation*, 765 F.2d 343, 348 (2d Cir. 1985); *In re Ionosphere Clubs, Inc.*, 111 B.R. 423, 430 (Bankr. S.D.N.Y. 1990), *aff'd in part*, 124 B.R. 635 (S.D.N.Y. 1991); *see also In re Neuman*, 71 B.R. 567, 571 (S.D.N.Y. 1987) ("The fact that the automatic stay may not apply does not mean that the Bankruptcy Court is without power to issue an injunction.").  In pertinent part, Section 105 allows a bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  The Fifth Circuit has held that a court may temporarily enjoin actions against a nondebtor under "unusual circumstances." *See In re Zale Corp.*, 62 F.3d 746, 761 (5th Cir. 1995).  Stays under

10

Section 105(a) are also subject to the usual rules for the issuance of an injunction under Federal Rule of Civil Procedure 65. *See id.* at 765; *see also In re Eagle-Picher Indus., Inc.*, 963 F.2d 855, 858 (6th Cir. 1992); *In re Commonwealth Oil Refining Co.*, 805 F.2d 1175, 1188-89 (5th Cir. 1986). Accordingly, both "unusual circumstances" and the prerequisites to issuance of an injunction must be present for the Court to stay the Smith suits as they pertain to the remaining Hospitality Companies. *See SAS Overseas Consultants v. Benoit*, 2000 WL 140611, at *3 (E.D. La. Feb. 7, 2000).

The Fifth Circuit has stated that "unusual circumstances" exist when either "the nondebtor and the debtor enjoy such an identity of interests that the suit against the nondebtor is essentially a suit against the debtor" or "the third-party action will have an adverse impact on the debtor's ability to accomplish reorganization." *See In re Zale Corp.,* 62 F.3d at 761. "If not, a bankruptcy court may not enjoin the third-party action." *Id.* Here, the Trustee has not made a showing that either of these "unusual circumstances" are present, such that a stay is warranted as to the nondebtor entities. Rather, the Trustee offers only theoretical arguments as to the interrelatedness of the Hospitality Enterprises and the potential for involvement of the Trustee in these matters. Moreover, the Court notes that

11

Reuther's stipulation forswearing his use of the possible preclusive effects as to Paddlewheels of any ruling made by this Court in this litigation obviates many of the Trustee's concerns. While the other parties have not filed such a stipulation, the interests of those parties generally align with the interests of Paddlewheels.  Thus, the use of the preclusive effects of any ruling in the nondebtor claims by those parties would likely either benefit the Paddlewheels estate or have no material impact on it.  The Court therefore finds that "unusual circumstances" do not exist so as to warrant a stay of the nondebtor claims in the Reuther wrongful termination suit and the Smith suits.  As such, the Court need not address whether the prerequisites for injunctive relief are met.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS the Trustee's motion to stay the claims by or on behalf of Paddlewheels in Civ. Action Nos. 06-6619, 06-6620, and 06-6622 and DENIES the Trustee's motion to stay the remaining claims in these actions. The Court also DENIES the Trustee's motion to stay Reuther's wrongful termination suit (Civ. Action No. 06-6612).  Further, because the Court does not have jurisdiction over Civ. Action No. 06-6640, the Court REMANDS the matter to the Civil District Court

for the Parish of Orleans.


New Orleans, Louisiana, this __29th__ day of June, 2007.


_____
SARAH S. VANCE
UNITED STATES DISTRICT COURT